Patricia DeFREITAS, et al., Plaintiffs,

v.

Arthur E. NOOT, in his official capacity as Commissioner of the Minnesota Department of Public Welfare, and Richard Schweiker, in his capacity as Secretary of Health and Human Services, Defendants.

Civ. No. 4-81-344.

United States District Court, D. Minnesota, Fourth Division.

Oct. 29, 1981.

Central Minnesota Legal Services, by Louise A. Dobbe and Michael Fargione, Minneapolis, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen. by Ellen Dubuque and Beverly Jones Heydinger, Sp. Asst. Attys. Gen., St. Paul, Minn., for state defendant.

John Lee, U. S. Atty. by Deborah Kleinman, Asst. U. S. Atty., Minneapolis, Minn., for federal defendant.

## ORDER

MILES W. LORD, Chief Judge.

This matter came before this Court on Thursday, September 10, 1981, on the motion of the Department of Public Welfare to modify the preliminary injunction issued by this Court on July 23, 1981. The defendant, Arthur E. Noot, Commissioner of the Minnesota Department of Public Welfare, was represented by Special Assistant Attorneys General Beverly Jones Heydinger and Ellen Dubuque. The defendant, Richard Schweiker, Secretary of Health and Human Services, was represented by Assistant United States Attorneys JoAnn Lach and Deborah Kleinman. Plaintiffs were represented by Louise Dobbe and Michael Fargione of Central Minnesota Legal Services.

This action concerns the eligibility standards applied by the defendant Noot in determining Medical Assistance and AFDC eligibility for children residing in a home with a stepparent. After argument, this Court issued a preliminary injunction on July 23, 1981, which requires the defendant Noot to make a factual determination of need and available income before he may terminate AFDC or Medical Assistance benefits to the plaintiffs. This determination is to be made in accordance with the standards established by the Defendant Noot in his AFDC Manual at IV–K, rather than according to his new standards.

The defendant Noot now moves to modify the procedures for determining need and available income which are contained in the July 23 injunction. If the motion were granted, a significant change would occur in the method of counting earned income. Under the existing injunction (the old system), the agency may count as available only net earned income; money spent on items such as state and federal income tax, social security tax, transportation costs, and other reasonable work expenses cannot be considered as income available to support the needy child. The modification proposed by the defendant Noot would permit a deduction of no more than $75 from "earned income" of a stepparent, regardless of the stepparent's actual work expenses. Gross income minus $75 would be counted by the agency whether or not it was in fact available to meet the needs of the child. This modification is requested on the basis of new congressional legislation, § 2306 of the Omnibus Budget Reconciliation Act of 1981.

This ill-conceived system assumes that children can buy food, groceries, and medicines with money which is withheld from their stepparents' paychecks for taxes, social security, and other reasonable work expenses. It is totally inconsistent with any previous Congressional or state pronouncements as to the definition of the standard of need. To the extent that monies are counted as income which are not available to buy the necessities of life, the "standard of need" is meaningless. This procedure not only encourages the adults in an AFDC family to stop working but forces them to stop work or to allow their children to go hungry. They must be, in effect, totally on welfare and not help themselves at all, or their children must go without. The wisdom, the foresight, and the legality of the federal law is not for decision here, at this time. The propriety and legality of the state's enforcing it, under circumstances existing in Minnesota, is highly questionable.

For the purpose of calculating family income, resources, and expenses, § 2306 of the Omnibus Budget Reconciliation Act of 1981 provides as follows:

the State agency shall take into consideration so much of the income of the dependent child's stepparent living in the same home as such child as exceeds the sum of (A) the first $75 of the total of such stepparent's earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month), (B) the State's standard of need under such plan for a family of the same composition as the stepparent and those other individuals living in the same household as the dependent child and claimed by such stepparent as dependents for purposes of determining his Federal personal income tax liability but whose needs are not taken into account in making the determination under paragraph (7), (C) amounts paid by the stepparent to individuals not living in such household and claimed by him as dependents for purposes of determining his personal income tax liability, and (D) payments by such stepparent of alimony or child support with respect to individuals not living in such household.

The United States Department of Health and Human Services has issued draft amendments to its regulations to implement this change. The draft amends 45 C.F.R. § 233.20(a)(11)(vi), and instructs the state agency to calculate the grant as follows:

(vi) Whenever a stepparent of an AFDC child is living in the child's home, provide

for the disregard of: (a) The first $75 of the gross earned income of the stepparent who is living in the home and employed full-time. The State agency shall have in place a procedure under which it determines and applies a disregarded amount less than $75 for stepparents who are not employed on a full-time basis or not employed throughout the month; (b) An additional amount for the support of the stepparent and any other individuals who are living in the home, but whose needs are not taken into account in making the AFDC eligibility determination and are claimed by the stepparent as dependents for purposes of determining his/her Federal personal income tax liability. This disregard amount shall equal the State's need standard amount for a family group of the same composition; (c) Amounts actually paid by the stepparent to individuals not living in the home but which are claimed by him/her as dependents for purposes of determining his Federal personal income tax liability and (d) Payments by such stepparent of alimony or child support with respect to individuals not living in the household.

While the plaintiffs do not challenge Congress' authority to pass such legislation in this proceeding, they contend that the effective date of the legislation is the beginning of the first month after the close of the first session of the state legislature ending on or after October 1, 1981. § 2321(b), Omnibus Budget Reconciliation Act of 1981. Consequently, the plaintiffs contend the existing injunction need not be modified at this time. The defendant Noot argues that the effective date of this law is October 1, 1981, and thus the existing injunction must be modified immediately.

The effective date of the law is determined as follows:

(a) Except as otherwise specifically provided in the preceding sections of this chapter or in subsection (b), the provisions of this chapter and the amendments and repeals made by this chapter shall become effective on October 1, 1981.

(b) If a State agency administering a plan approved under part A of title IV of the Social Security Act demonstrates, to the satisfaction of the Secretary of Health and Human Services, that it cannot, by reason of State law, comply with the requirements of an amendment made by this chapter to which the effective date specified in subsection (a) applies, the Secretary may prescribe that, in the case of such State, the amendment will become effective beginning with the first month beginning after the close of the first session of such State's legislature ending on or after October 1, 1981. For purposes of the preceding sentence, the term "session of a State legislature" includes any regular, special, budget, or other session of a State legislature.

§ 2321, Omnibus Budget Reconciliation Act of 1981.

Thus, as the defendant Noot admits, the effective date of the law is October 1, 1981, unless it conflicts with state law. (Congress apparently thought it necessary to provide states an opportunity to amend conflicting state laws before the provisions of the new federal law would take effect.) Thus the primary issue in controversy between the plaintiffs and the defendant Noot is whether Minnesota law conflicts with § 2306 of the Omnibus Budget Reconciliation Act of 1981.

█ Since the Defendant Noot seeks preliminary relief in the form of a modification of the preliminary injunction issued on July 23, 1981, this Court is guided by the principles announced in *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). Thus, the basic inquiry is whether the equities so favor the plaintiffs that justice requires the Court to preserve the status quo. *Id.* at 113.

█ The equities in this case weigh strongly in favor of the plaintiffs and against the defendant Noot. An affidavit submitted by Hennepin County welfare employee Dale Federer indicates that the median work expense of stepparents in the AFDC files which he reviewed was $244 per month. Not one of the working steppar-

ents in this sample had work expenses of less than $123 per month, let alone $75 per month as allowed under the new federal law. If the existing injunction were modified in the manner requested by the defendant Noot, the agency would reduce or terminate AFDC benefits on the grounds that money which had already been spent in paying taxes or other work expenses was nevertheless available to pay for the food, shelter or clothing of a needy child. The change in policy sought by the defendant Noot would cause irreparable harm to those children whose basic needs are now being met in whole or in part by an AFDC-stepparent grant.

The defendant Noot, on the other hand, has not demonstrated that it would be harmed if its motion were denied and the existing injunction were maintained. Counsel for the Secretary of Health and Human Services, JoAnn Lach, noted that if the defendant Noot finds that state law conflicts with the new federal law, all they need do is apply to the Secretary for an extension of time to implement the new federal law. Presumably, the extension would be granted until the first month after the close of the first session of the state legislature on or after October 1, 1981.

This Court must also weigh the likelihood that the defendant Noot or the plaintiffs will ultimately prevail in light of the relative injuries to the parties. In this regard, the legal arguments presented by the plaintiffs and the defendant Noot are virtually the same as those raised in *Minnesota Recipients Alliance v. Noot, et al.,* 527 F.Supp. 140 (D.Minn.1981). This Court finds, for the reasons enunciated in the memorandum opinion issued by this Court this same day in *Minnesota Recipients Alliance v. Noot, supra,* that the plaintiffs have demonstrated a substantial likelihood of success.

The plaintiffs have raised serious questions regarding the interpretation of state law. This Court has, by its Certification Order, dated this day, in *Minnesota Recipients Alliance v. Noot,* given these state law issues to the Minnesota Supreme Court for resolution. Until these questions of state law are resolved, the present injunction will not be modified.

Therefore, IT IS HEREBY ORDERED, that the defendant Noot's motion for a modification of this Court's preliminary injunction is denied.